UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JUAN ANDRES MENDEZ,
Petitioner,
v.
WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY; Markwayne MULLIN, Secretary of the Department of Homeland Security; Todd LYONS, Acting Director, U.S. Immigration and Customs Enforcement; Jesus ROCHA, Acting Field Office Director, San Diego Field Office U.S. Immigration and Customs Enforcement; Todd BLANCHE, Attorney General of the United States,
Respondents.

Case No.: 26-cv-6024-JES-GC

**ORDER CONDITIONALLY APPOINTING COUNSEL**

**[ECF Nos. 1, 2]**

Before the Court is *pro se* Petitioner Juan Andres Mendez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and Motion for Temporary Restraining Order ("TRO"), both filed on October 22, 2026. ECF Nos. 1, 2. Petitioner has

been in immigration detention since September 9, 2026, and alleges he was detained without due process. Petition at 2–4.

Considering the complexity of the constitutional, statutory, and procedural issues presented in this matter, the Court finds that representation will serve the interests of justice. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the Court hereby **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc., as counsel, effective immediately. The Court **ORDERS** Petitioner to submit a form CJA 23 financial affidavit by **October 30, 2026,** to demonstrate his financial eligibility. *See* 18 U.S.C. § 3006A(b); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990). If Federal Defenders of San Diego, Inc., determines that Petitioner is not financially eligible for appointed counsel, or that it does not have the capability to represent him, Federal Defenders of San Diego, Inc., shall notify Petitioner and file notice with this Court by **October 30, 2026**. If so, Petitioner shall continue unrepresented. If Federal Defenders choose to accept representation, Petitioner may file an amended Petition no later than **November 6, 2026**.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-cv-01398, 2025 WL 2097979, at *3 (W.D.

Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: October 23, 2026

Honorable James E. Simmons Jr.
United States District Judge